CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 18 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHNNIE DARNELL PERKINS,** | ) | CASE NO. 7:20CV00091 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **UNKNOWN,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendant.** | ) | |

Johnnie Darnell Perkins, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining that his criminal defense attorney provided ineffective assistance. After review of the record, the court concludes that this civil action must be summarily dismissed as legally frivolous.[1]

Perkins' complaint and other submissions indicate that he was convicted of a drug offense in the Rockingham County Circuit Court in July 2019. Court records online indicate that he has a pending criminal appeal in the Court of Appeals of Virginia. Perkins alleges the following events in the claims section of his § 1983 form: (1) Perkins' lawyer told him that he was entering a plea deal in the General District Court, but Perkins later found out that no plea deal had happened there, and his case was sent to the Circuit Court; and (2) the lawyer changed the plea deal without discussing it with Perkins, notifying him of any changes, or counseling him about the new deal. Perkins alleges that the attorney "did everything without my consent

---

[1] Perkins raised similar allegations in a prior case, No. 7:20CV00029, filed on a § 1983 form. The court conditionally filed that case, advised Perkins that his defense attorney was not a state actor who could be sued under § 1983, and directed Perkins to clarify whether he wished to proceed under § 1983 with some claim or to pursue his ineffective assistance claims in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court sent Perkins both a § 1983 form and a § 2254 form and advised him to complete and file one or the other, or to withdraw the lawsuit altogether. Perkins then submitted a completed § 2254 form, and the court summarily dismissed the case for failure to exhaust state court remedies as required under § 2254(b). Thereafter, Perkins submitted the instant § 1983 complaint, which the court construed and docketed as a new and separate civil action. Because the court's conditional filing order in his prior case may have confused Perkins and encouraged him to proceed with a § 1983 action doomed to fail from the outset, the court will direct the clerk to refund to Perkins the $400 that he paid for the filing fee in this case.

because as he stated in a letter to me that it was in my best interest." Compl. 2, ECF No. 1. As relief, Perkins, who does not name a defendant on his § 1983 complaint, seeks monetary damages.

The court is required to dismiss any action filed by a prisoner against a governmental entity or officer if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013) ("Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States."). Lawyers, even lawyers appointed by a state court to represent a criminal defendant, do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Because the attorney's alleged professional deficiencies occurred while he was acting as Perkins' defense counsel, those actions were not taken under color of state law as required to provide a legal basis for suit under § 1983. Id. Thus, the attorney cannot be sued in this § 1983 case for those actions, and the court will summarily dismiss the case under § 1915A(b)(1) as frivolous.

The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of February, 2020.

*/s/ Conrad*
Senior United States District Judge